IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD L. BLANCHARD, | : |
| Plaintiff | : |
| | : CIVIL NO. 1:CV-09-1875 |
| vs. | : |
| | : (Judge Caldwell) |
| GALLICK, COUNSELOR, *et al.*, | : |
| Defendants | : |

*M E M O R A N D U M*

I.   *Introduction*

The pro se plaintiff, Richard L. Blanchard, has filed a motion for reconsideration of our April 11, 2011, order granting defendants' motion for summary judgment and denying his cross-motion for summary judgment. At issue in the action was whether defendants violated Blanchard's constitutional rights when they allegedly denied or withheld administrative remedy forms from him and failed to separate him from an inmate he believed posed a threat to his personal safety.

On May 21, 2010, defendants filed a motion for summary judgment. A supporting brief, exhibits and statement of facts was timely filed. Blanchard filed a cross-motion for summary judgment and supporting brief on June 2, 2010. Blanchard did not offer a statement of material facts in support of his motion or a counter-statement of material facts in response to defendants' statement of facts. All of these documents were considered by the court when deciding the parties' motions.

In his reconsideration motion, Blanchard states that "the discovery request that [he] made wasn't ordered" and that the 306 administrative remedies that defendants advised the court that he had filed "is just an estimate of the criminal acts" he filed over the years at USP-Allenwood. Doc. 34, Mot. for Reconsideration.[1] It appears that Blanchard is suggesting that he sought to conduct discovery prior to responding to the defendant's summary judgment motion. *Id.* at p. 2.[2]

For the reasons that follow, the motion will be denied.

II.    *Standard of Review*

A Rule 59(e) motion to alter or amend is a device of limited utility. It may be used only to remedy manifest errors of law or fact or to present newly discovered precedent or evidence which, if discovered previously, might have affected the court's decision. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). The motion may be granted only if the moving party satisfies at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available previously; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café*, 176 F.3d 669, 677 (3d Cir. 1999)(citing *North River Ins. Co.*

---

[1] Blanchard did not file a brief in support of his motion as required by Local Rule 7.5 ("Within fourteen (14) days after the filing of any motion, the party filing the motion shall file a brief in support of the motion ... [i]f a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn.").

[2] Unless otherwise noted, all citations to the record are to the docket number and page number assigned by the electronic case filing system (CM/ECF) rather than the page numbers of the original documents.

*v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).  A motion to later or amend is not intended to give an unhappy litigant an additional chance to rehash or reargue issues which have already been considered and disposed of by the Court.  *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002).  A losing party may not use such a motion to raise new arguments or supporting facts that it could have raised previously, but did not.  *McDowell Oil Serv., Inc. v. Interstate Fire & Cas. Co.*, 817 F. Supp. 538, 541 (M.D. Pa. 1993).

The motion, however, may be appropriate in instances where the court has "misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error, not of reasoning, but of apprehension."  *See Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996)(quoting *Above the Belt Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.D.R. 99, 101 (E.D. Va. 1983)).  Finally, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly."  *Continental Casualty Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

III.    *Discussion*

Blanchard fails to demonstrate any of the applicable grounds for granting a motion to alter or amend.  Blanchard does not point to an improper legal argument or fact overlooked by the court in making our decision.  Rather, Blanchard suggests that he sought to conduct discovery that was either not granted by this court, or not responded to by

defendants. Unfortunately, he does not direct the court's attention to any portion of the record which would support his assertion, and after a search of the record, we cannot find evidence of such a discovery request.

The court finds it puzzling that Blanchard filed a cross-motion for summary judgment if he sought the opportunity to conduct discovery to prove his case. More curious is that Blanchard did not file a reply brief in support of his cross-motion for summary judgment, or other document in opposition to defendants' summary judgment motion, which could have alerted the court to his need for discovery prior to responding to defendants' motion. Had Blanchard alerted the court to this issue, either informally in his summary judgment materials, or by way of a declaration under Fed. R. Civ. P. 56(d), we would have addressed it. There is no evidence that the court denied Blanchard the opportunity to conduct discovery prior to ruling on the parties' cross-motions for summary judgment. Accordingly, we will deny Blanchard's motion for reconsideration.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: May 17, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD L. BLANCHARD, | : |
| Plaintiff | : |
| | : CIVIL NO. 1:CV-09-1875 |
| vs. | : |
| | : (Judge Caldwell) |
| GALLICK, COUNSELOR, *et al.*, | : |
| Defendants | : |

*O R D E R*

AND NOW, this 17th day of May, 2011, for the reasons set forth in the accompanying memorandum, it is ordered that Blanchard's Motion for Reconsideration (doc. 34) is denied

/s/William W. Caldwell
William W. Caldwell
United States District Judge